UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-68 |
| | ) | (JORDAN/SHIRLEY) |
| PHILLIP LYNN SHEETS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28

U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District

Court as may be appropriate. The Defendant is charged with forcibly assaulting, resisting, opposing,

impeding, intimidating, and interfering with a Law Enforcement Ranger employed by the National

Park Service in violation of 18 U.S.C. § 111. These charges stem from an encounter in the Great

Smoky Mountains National Park during which the Defendant responded to the Ranger's request that

he extinguish a fire by calling the Ranger a "criminal" and a "government spy" and brandishing a

knife.

Defendant Phillip Lynn Sheets is presently in the custody of the Federal Bureau

of Prisons, specifically the United States Federal Medical Center ("FMC") in Butner, North

Carolina, under the care of Jill R. Grant, Psy. D., and Bruce R. Berger, M.D. The Defendant

has had serious mental health problems for the last thirty years and has been diagnosed with

schizophrenia. Forensic Eval. of May 6, 2008, at 3 & 8. The FMC completed a competency

restoration study of the Defendant and found that the Defendant was not competent to proceed to

trial. Forensic Eval. of May 6, 2008, at 8. Upon a request from the Defendant's treating doctors at the FMC, the Court held a series of hearings to determine whether involuntary administration of antipsychotic medication was appropriate pursuant to Sell v. United States, 539 U.S. 166 (2003).

On May 19, 2008, the Court held a status conference to address the Defendant's competency and the possibility of involuntarily medicating the Defendant. Attorney J. Edgar Schmutzer was present representing the Government, and Attorney Jonathan Moffatt was present representing the Defendant. United States Probation Officer Twilla Tucker was also present. A video conference was held on June 4, 2008, to discuss the competency issue. Attorney Moffatt and Attorney Schmutzer were again present, and Jill R. Grant, Psy. D., testified via video. A second video conference was held on June 17, 2008. Attorney Paula Voss represented the Defendant, and Attorney Schmutzer represented the Government. At this conference, Bruce R. Berger, M.D., testified via video. A final hearing was held on July 2, 2008, at which Attorney Moffatt and Attorney Schmutzer were again present. The Court heard oral arguments regarding the importance of the government interests supporting involuntary medication.

In order to involuntarily medicate a defendant, Sell requires that the Government present clear and convincing evidence: (1) of the existence of an "important" government interest; (2) that involuntary medication will "significantly further" the government interest; (3) that involuntary medication is "necessary" to further those interests; and (4) that administration of the drugs is "medically appropriate" for the individual defendant. United States v. Green, 532 F.3d 538, 545 (6th Cir. 2008) (citing Sell, 539 U.S. at 180-81). The Court in Sell recognized that this standard would allow for involuntary administration of medication in certain instances, but such

2

instances would be rare.  <u>Sell</u>, 539 U.S. at 179.

To order involuntary medication of the Defendant, the Court must first find that an important government interest is at stake.  "The Government's interest in bringing to trial an individual accused of a serious crime is important."  <u>Sell</u>, 539 U.S. at 180.  However, the Court must consider whether the seriousness of the crime and the importance of the government interest are diminished by other "special circumstances."  <u>See Sell</u>, 539 U.S. at 180.  The Court in <u>Sell</u> discussed the weighing of special circumstances against the governmental interest and explained:

> The defendant's failure to take drugs voluntarily, for example, may mean lengthy confinement in an institution for the mentally ill-and that would diminish the risks that ordinarily attach to freeing without punishment one who has committed a serious crime. We do not mean to suggest that civil commitment is a substitute for a criminal trial. The Government has a substantial interest in timely prosecution. And it may be difficult or impossible to try a defendant who regains competence after years of commitment during which memories may fade and evidence may be lost. The potential for future confinement affects, but does not totally undermine, the strength of the need for prosecution. The same is true of the possibility that the defendant has already been confined for a significant amount of time (for which he would receive credit toward any sentence ultimately imposed, see 18 U.S.C. § 3585(b)).  Moreover, the Government has a concomitant, constitutionally essential interest in assuring that the defendant's trial is a fair one.

539 U.S. at 180.  Thus, in the present case the Court must weigh the seriousness of the crime and the corresponding interest in prosecution against the possibility that the Defendant's confinement satisfies the government interest in prosecution and punishment.

The court in <u>United States v. Sherman</u>, 2006 WL 1127006 (D. Ariz. 2006), addressed a case that was strikingly similar to the present case.  Although not binding on this Court, the Court finds the approach taken in <u>Sherman</u> to be instructive.  In <u>Sherman</u>, the defendant was arrested on May 2, 2004, for influencing, impeding, or retaliating against a federal official and for assaulting,

3

resisting, or impeding certain officers or employees– charges that are virtually identical to those in the present case. 2006 WL 1127006, at *1. Both parties stipulated that the Defendant was not competent to stand trial. Id. In June of 2004, the Defendant was committed to an appropriate facility to attempt to restore his competency. Id. A number of forensic studies were completed and the parties participated in a number of status conferences, and the ultimate issue of involuntary medication came before the court on April 26, 2006.

The court in Sherman, determined that any important government interest in prosecution was undermined by special circumstances. The court noted that the record, including the FMC forensic evaluations, indicated the defendant was insane at the time of the offense. Id. at *4. The government's goal in prosecution was to obtain a not guilty by reason of insanity verdict. Id. The court found that the government's interest in such a verdict was minimal and held that it did not satisfy the Sell standard. Id. at *5. Explaining its decision, the court remarked:

> While there is no question that it would likely be in Defendant's best interest to have a prescribed regimen of psychiatric treatment given the consistent record of his continuing mental disease or defect, the Court is without authority to order the involuntary medication of the Defendant in light of recent Supreme Court authority [in Sell] and the undisputed facts in this case.

Id. at *4.

In United States v. Evans, the court similarly concluded that, where a defendant suffered from a severe mental illness both at the time of the alleged crime and the time of hearing, the government interest in prosecuting an interference with government agents charge was not sufficient to merit involuntary medication. 293 F. Supp. 2d 668, 675 (W.D. Va. 2003). In Evans, the Defendant was accused of threatening an agent of the United States Department of Agriculture. Id. at 669. The Defendant's verbal offensive on the agent included remarks about communism, the

4

incidents at Ruby Ridge and Waco, and the government's efforts "to get him." Id. The defendant suffered from paranoid schizophrenia, and the court concluded that he would continue to be confined to a mental hospital as long as he refused to take antipsychotic medication. Id. at 674. Based upon the continued confinement and the ratio of the possible prison sentence to the time already served, the court concluded that there was no important government interest to support involuntary medication. Id. at 674-75.

In the present case, the Court finds that the Government has failed to prove by clear and convincing evidence that an important government interest in bringing the Defendant to trial exists and is not negated by special circumstances. The Forensic Report of the FMC at Lexington concludes that the Defendant was not sane at the time of the crime, see Forensic Rep. of September 27, 2007, at 4, and it is likely that a trial of the Defendant would result in a verdict of not guilty by reason of insanity. The Court finds that the Government's interest in such a verdict is minimal. Further, the Defendant will very likely remain hospitalized until he consents to medication and regains competency. Thus, the risks that ordinarily attach to freeing a defendant without punishment are significantly diminished. See Sell, 539 U.S. at 180. Because the Government has not meet its burden with regard to the first component of the Sell standard, involuntary medication of the Defendant is not appropriate. Accordingly, the FMC's request to involuntarily medicate the Defendant is **DENIED**.

**The Court will consider whether civil commitment pursuant to 18 U.S.C. § 4246 is appropriate for the Defendant. The Court hereby ORDERS the FMC in Butner, North Carolina, to evaluate whether the Defendant's release would create "a substantial risk of bodily injury to another person or serious damage to property of the other," pursuant to 18**

5

**U.S.C. § 4246(b). Upon receipt of this evaluation, the parties may submit briefs regarding commitment, and thereafter, the Court will hold a hearing to determine whether the Defendant continues to suffer from a mental defect and whether his release would pose a danger to others. § 4246(c). Thereafter, the Court will rule on whether commitment is appropriate. § 4246(d).**

**IT IS SO ORDERED**.

ENTER:

_____s/ C. Clifford Shirley, Jr._____
United States Magistrate Judge