IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  3:07-CR-68 |
| | ) | |
| PHILLIP LYNN SHEETS | ) | |

## MEMORANDUM AND ORDER

This criminal case came before the court on March 5, 2009, for a non-jury trial.  The defendant waived his right to a jury trial to which the government consented.  At the close of the government's proof, the defendant moved for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure.  For the reasons discussed below, the defendant's motion will be granted.

Under Rule 29, a judgment of acquittal must be granted if there is no evidence upon which a reasonable trier of fact might conclude that a defendant is guilty beyond a reasonable doubt.  *United States v. Davis*, 981 F.2d 906, 908 (6th Cir. 1992).  The government is entitled to all reasonable inferences drawn from the evidence, including circumstantial evidence.  *Id.*

The government's proof at trial[1] was that on June 10, 2007, Ranger William R. Ramsey, a Law Enforcement Ranger employed by the National Park Service, an agency of the United States, received information from a Park volunteer that someone had built a fire in an area of the Park not designated for campfires. Ranger Ramsey asked the volunteer to ask the person to put out the fire, but the person refused, and Ranger Ramsey went to the site.

When Ranger Ramsey arrived, he saw the person, later identified as the defendant Phillip Lynn Sheets, at the bottom of a steep, thirty-foot embankment near a creek. Ranger Ramsey identified himself and asked the defendant to put out the fire. The defendant did not respond. Ranger Ramsey again asked the defendant to put out the fire. The defendant started yelling at the Ranger, pulled out a pocket knife with a three-inch blade, opened it, and turned around pointing the knife at Ranger Ramsey at the top of the hill. The defendant then placed the open knife on a rock and continued to yell and talk to himself. Ranger Ramsey called for back up and told his supervisor that the defendant was "down below. I'm up top. I'm a good distance away so he's no threat at this time towards me, but he showed me his knife – he's got it."

The defendant began throwing rocks into the stream and yelled at Ranger Ramsey about being a "war criminal" and about the "Geneva

---

[1] In addition to testimony of Rangers William R. Ramsey and Chuck Hester, a video from Ranger Ramsey's vehicle and a video made of the arrest of the defendant in the creek were introduced into evidence.

Convention." He told Ranger Ramsey to get away from him. When other Park rangers and officers from Townsend arrived, Ranger Ramsey told them what had happened and that he believed the defendant to be mentally unstable.

At this point, the defendant began to pack his gear including the knife, which he folded and put in the breast pocket of his overalls – a fact that was noted by one of the officers. The defendant put out the fire, told Ranger Ramsey that he was leaving, and began to walk away. In the meantime, Ranger Ramsey and the other officers moved down the hill. The defendant was ordered to sit down, but he kept moving and fell down in the creek. He resisted being handcuffed, but kept telling the officers, "I give up."

The single count of the Indictment in this case states:

> The Grand Jury charges that on or about the 10th day of June, 2007, in the Eastern District of Tennessee, and within the Great Smoky Mountains National Park, the defendant, **PHILLIP LYNN SHEETS**, did forcibly assault, resist, oppose, impede, intimidate and interfere with William R. Ramsey, a Law Enforcement Ranger employed by the National Park Service, an agency of the United States, and a person designated in Title 18, United States Code, Section 1114, while the said William R. Ramsey was engaged in and on account of performance of his official duties, and in doing so defendant, **PHILLIP LYNN SHEETS**, used a dangerous weapon, that is, a knife, in violation of Title 18, United States Code, Section 111(a) and (b).[2]

---

[2] Section 111 of Title 18, United States Code provides in relevant part as follows:

**(a) In general.** – Whoever –
　(1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the

On July 11, 2007, the defendant appeared for arraignment, but given the defendant's mental state, the arraignment was continued and the magistrate judge entered an order of commitment for a mental examination and evaluation. The defendant was diagnosed as suffering from schizophrenia, and he eventually agreed to take medication to control the symptoms of his disease. He was returned to Knoxville for disposition of his criminal charge, at which time the magistrate judge found the defendant competent to proceed to trial.

At trial at the end of the government's case-in-chief, the defendant argued that he is entitled to a Rule 29 judgment of acquittal because the government failed to prove a violation of 18 U.S.C. § 111(a) beyond a reasonable doubt. He contends that § 111(a) requires a showing of a "forcible" assault, not merely assault, and that Ranger Ramsey was never put in fear of immediate bodily harm because he was thirty feet away and up a steep embankment. Further, the defendant argues that the knife was never close enough to Ranger Ramsey to cause any bodily harm. It was either on a rock at the bottom of the hill, or closed up in a pocket.

---

performance of official duties . . . shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.
**(b) Enhanced penalty.** – Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon . . . or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years or both.

4

The government argued that the defendant used force, and a reasonable person would have believed he was in danger or fear of immediate harm. The government also contends that the defendant "resisted" Ranger Ramsey at the beginning of the incident and in the creek so an assault occurred.

In order to find the defendant guilty of 18 U.S.C. § 111(a) and (b) as charged in the Indictment, the government must prove the following elements beyond a reasonable doubt:

(1) The defendant forcibly assaulted Ranger Ramsey;

(2) At the time of this forcible assault, Ranger Ramsey was an officer or an employee of the United States;

(3) Ranger Ramsey was engaged in official duties at the time of the assault;

(4) The forcible assault was done intentionally; and

(5) The assault was done while using a deadly or dangerous weapon.

2 Kevin F. O'Malley, Jay E. Grenig & Hon. William C. Lee, *Federal Jury Practice and Instructions* §§ 24.01 - 24.12. As to the first element, the pattern instructions recommend that the term "forcibly assaults" be defined as:

> any deliberate and intentional attempt or threat to inflict
> physical injury upon another with force or strength when
> that attempt or threat is coupled with an apparent
> present ability to do so. Although a "forcible assault"
> may be committed by a defendant without actually

> touching, striking, or doing bodily harm to another, the government must prove that the actions of Defendant \_\_\_\_\_ were of such a nature to put the person against whom they are directed in fear of immediate bodily harm.

*Id.* at § 24.08.

In the Sixth Circuit, the "element of force necessary for a conviction under this statute [18 U.S.C. § 111(a) and (b)] may be shown by 'such a threat or display of physical aggression toward the officer as to inspire fear of pain, bodily harm, or death.'" *United States v. Chambers*, 195 F.3d 274, 277 (6th Cir. 1999) (quoting *United States v. Street*, 66 F.3d 969, 977 (8th Cir. 1995)). As the Eighth Circuit pointed out in *Street*, the element of force can be satisfied even if the defendant has no physical contact with the federal officer as long as his conduct places the officer "in fear of his life or safety." *See also Pattern Jury Instructions of the District Judges Association of the Fifth Circuit, Criminal Cases*, Instruction 2.09 (2001) (forcible assault means "any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so, and includes any intentional display of force that would give a reasonable person cause to expect immediate bodily harm, whether or not the threat or attempt is actually carried out or the victim is injured").

Thus, the government must prove an intentional threat to do injury to a federal officer coupled with an apparent present ability to do so, such that the federal officer is in fear of immediate bodily harm. In addition, the term "forcibly"

6

applies as well to the other conduct listed in the statute, that is, "resists, opposes, impedes, intimidates, and interferes." *See e.g., United States v. Arrington*, 309 F.3d 40, 44 (D.C. Cir. 2002) (the word "forcibly" modifies each of the prohibited acts); *United States v. Schrader*, 10 F.3d 1345, 1349 (8th Cir. 1993) (finding that the adverb "forcibly" modifies each of the verbs which follow it).

The court finds, viewing the evidence in the light most favorable to the government, that the government has failed to prove the first element of the offense, that is, that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated or interfered with Ranger Ramsey. The court finds that the defendant threatened Ranger Ramsey with the knife by opening it and pointing it at him, but given the distance and the terrain, the defendant did not have the present ability to harm the ranger, nor was Ranger Ramsey reasonably in fear of immediate bodily harm. The defendant was thirty feet away from Ranger Ramsey and down a steep embankment when he displayed the knife. *United States v. Disney*, 253 F.3d 1211, 1214 (10th Cir. 2001) (holding that a threat alone is insufficient to satisfy the "force" element of § 111(a)(1)).

The government's proof included evidence of the events that occurred when the defendant attempted to leave the scene and resisted being handcuffed. The government argued that this conduct was also a violation of § 111(a). A video shows that the defendant was leaving the make-shift camp site, and he told the officers to leave him alone. As he was walking away in the

7

creek, he stumbled and fell and the officers grabbed him. The defendant shouted over and over that he was giving up. The officers finally were able to get his arms behind his back and handcuff him. The officers knew that the knife had been folded up and put in a pocket.

That the defendant was not charged with these events is clear from the Indictment. The defendant is charged with assault with a deadly weapon, and the only time he displayed a deadly weapon was when he pointed the knife at Ranger Ramsey. The knife was not an issue when he was grabbed in the creek because it was folded up in his pocket. At that time, he did not threaten anyone with the knife and did not try to retrieve it from his pocket.

"A court cannot permit a defendant to be tried on charges that are not made in the indictment against him." *Stirone v. United States*, 361 U.S. 212, 217 (1960). In *United States v. Nunez*, 180 F.3d 227 (5th Cir. 1999), the defendant was charged with a violation of §111 (forcibly resisting arrest with a deadly weapon), and the judge properly instructed the jury on the elements of this offense. The judge, however, also told the jury that it could convict if it found that the defendant forcibly assaulted, resisted, etc. with no mention of the use of a deadly weapon. *Id.* at 230. The jury found the defendant not guilty of resisting arrest with a deadly weapon, but found him guilty of resisting arrest. *Id.* Relying on *Stirone*, the Fifth Circuit held that the second jury instruction was an impermissible broadening of the indictment. *Id.* The court found that there is a

8

substantial difference between resisting arrest using a firearm and doing so without using a firearm; thus, the defendant was convicted of a crime for which he had not been indicted. *Id.* at 232.

This court finds that the government's argument that the events that occurred in the creek are sufficient to prove a violation of § 111 is an attempt to impermissibly broaden the Indictment. Like the situation in *Nunez*, there is no proof of the use of a dangerous weapon when the defendant was grabbed in the creek, so these events cannot support a conviction for the offense charged in the Indictment.

For these reasons, the court finds that the government's evidence upon which a reasonable trier of fact might conclude that a defendant is guilty beyond a reasonable doubt is insufficient. Thus, the defendant's Rule 29 motion for a judgment of acquittal is well taken, and it is hereby **ORDERED** that the motion is **GRANTED**. The court finds the defendant **NOT GUILTY** of the charge in the Indictment.

ENTER:

*s/ Leon Jordan*
United States District Judge